**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYRONE DAVIS | : | |
| | : | |
| Appellant | : | No. 312 MDA 2025 |

Appeal from the Judgment of Sentence Entered August 6, 2024
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0000461-2024

BEFORE: OLSON, J., MURRAY, J., and LANE, J.

MEMORANDUM BY MURRAY, J.: **FILED: NOVEMBER 4, 2025**

Tyrone Davis (Appellant) appeals from the judgment of sentence imposed after he pled guilty to one count of failure to comply with sex offender registration requirements, 18 Pa.C.S.A. § 4915.2(a)(1).[1] Appellant seeks to challenge the discretionary aspects of his sentence. Because we determine Appellant fails to raise a substantial question that his sentence is inappropriate under the Sentencing Code, we dismiss the appeal.

The trial court summarized the factual and procedural background underlying this appeal:

> On October 15, 2018, at Lackawanna County Docket [No.] 1238 of 2018 [(the 2018 case)], [Appellant pled] guilty to [one count]

---

[1] It is undisputed that Appellant is a Tier III offender under the Sexual Offender Registration and Notification Act, 42 Pa.C.S.A. §§ 9799.10-9799.41, and is subject to lifetime registration and reporting requirements. The record reflects that Appellant's offender status arose from a New York conviction.

of failing to comply with sex offender registration requirements[,] in violation of 18 Pa.C.S.A. [§] 4915.2(a)(1)[. O]n December 4, 2018, he was sentenced to 30 to 60 months' incarceration …, followed by a period of probation. In July [] 2023, [Appellant] violated his probation [in the 2018 case. Appellant] was eventually [re]sentenced on September 24, 2024, to 24 to 48 months' incarceration….

During the pendency of the above proceedings in Lackawanna County, [the] Wilkes-Barre Police [Department] began a separate investigation in Luzerne County. On August 31, 2023, a criminal complaint was filed [in the instant matter], charging [Appellant] with [one count of] failing to register[,] in violation of 18 Pa.C.S.A. [§] 4915.2(a)(1)…. [2]

On June 18, 2024, [Appellant] pled guilty to one count of failing to register[,] in violation of 18 Pa.C.S.A. [§] 4915.2(a)(1), graded as a [third-degree] felony…. On August 6, 2024, with the benefit of a pre-sentence investigation (PSI), the [trial c]ourt sentenced [Appellant] to a standard-range sentence of 21 to 42 months' incarceration …, to run consecutively to any other sentence [Appellant] was serving at that time….

[Appellant] subsequently filed a [timely] motion to reconsider his sentence, requesting [certain] credit for time served …, and asking the [c]ourt to run his sentence concurrently, not consecutively, to any other sentence. … On September 4, 202[4], the [c]ourt denied [Appellant's] motion. No timely direct appeal was filed, but on January 30, 2025, [Appellant's counsel] filed a motion to reinstate [Appellant's] direct appeal rights [*nunc pro tunc*.] … [T]he [c]ourt granted the motion by order [dated] February 10, 2025.

---

[2] Pertinently, though the record in the 2018 case is not before us, Appellant asserts that his probation violation in that case—filed on July 3, 2023— stemmed from his failure to report to his probation officer following his release from incarceration on June 10, 2023. **See** Appellant's Brief at 4. The criminal complaint in the instant matter alleged that Appellant failed to report to the Pennsylvania State Police (PSP), pursuant to the sex offender registration requirements, during the "verification window" of July 19-28, 2023. Affidavit of Probable Cause, 8/30/23, at 1.

Trial Court Opinion, 4/24/25, at 1-3 (original footnotes omitted; footnote added).

On March 5, 2025, Appellant filed a *nunc pro tunc* notice of appeal from his judgment of sentence. Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents a single issue for our review: "Did the trial court err or abuse its discretion in failing to run [Appellant's] sentence concurrent to any other sentence he was previously serving?" Appellant's Brief at 3.[3]

There is no automatic right of appeal from the discretionary aspects of a sentence. ***Commonwealth v. Mastromarino***, 2 A.3d 581, 585 (Pa. Super. 2010). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Commonwealth v. Glawinski***, 310 A.3d 321, 325 (Pa. Super. 2024). Here, Appellant filed a timely *nunc pro tunc* notice of appeal, preserved the issue in his motion to reconsider his sentence, and included the required Rule 2119(f)

---

[3] The Commonwealth did not file an appellate brief.

statement of reasons for allowance of appeal in his brief. **See** Appellant's Brief at 11-14.

We next consider whether Appellant presents a substantial question. Appellant's contention that a substantial question exists rests on his assertion that his instant failure to comply with sex offender registration requirements arose from his homelessness, and that the same conduct resulted in his probation revocation and resentencing in the 2018 case. **See id.** at 3-6, 13-14. In his Rule 2119(f) statement, Appellant indicates that he "challenges not the individual sentence[,] but [rather] the [trial court's] decision to run the [instant] sentence consecutive to any previously imposed sentence, which was an abuse of discretion." **Id.** at 11. Appellant asserts that while

> the trial court may consider [Appellant's] prior criminal record …, the trial court improperly considered [Appellant's] prior criminal record [here,] … because [Appellant] was already facing a violation of his probation [in the 2018 case,] which would definitively garner a new sentence in [that case] for the same conduct which underlies the present matter. In contrast, having considered the same conduct for which Appellant would be punished, to punish Appellant here caused the trial court's focus to be turned from … the mitigation present in Appellant's background, including the cause and effect of his homelessness, which runs afoul of matters the [trial c]ourt must consider when imposing sentence and, therefore, violated 42 Pa.C.S.A. § 9721(b) and a particular fundamental norm of the sentencing process. …
>
> [T]he trial court, though it heard that Appellant was facing revocation in [the 2018 case] for a probation violation involving the same conduct, did not consider that the revocation arose from the same time[,] and [from Appellant's] failure to report or register while homeless. The trial court did not consider that each case[,] having arisen from the same course of conduct[,] would result in a sentence [imposed] for that conduct twice, as a result

- 4 -

of homelessness. In failing to recognize that [Appellant] would be punished in two different jurisdictions for the same conduct, the trial court … failed to consider the mitigating circumstances that were present: homelessness and family tribulations.

*Id.* at 12-14.

It is well established that a "substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. McLendon*, 293 A.3d 658, 670 (Pa. Super. 2023) (quotation marks omitted). In determining whether a substantial question exists, we do not

> examine the merits of whether the sentence is actually excessive. Rather, we look to whether the appellant has forwarded a plausible argument that the sentence, when it is within the guideline ranges, is clearly unreasonable. Concomitantly, the substantial question determination does not require the court to decide the merits of whether the sentence is clearly unreasonable.

*Glawinski*, 310 A.3d at 325 (citation omitted).

"We consistently have recognized that **excessiveness claims premised on imposition of consecutive sentences do not raise a substantial question for our review**." *Commonwealth v. Radecki*, 180 A.3d 441, 468 (Pa. Super. 2018) (emphasis added; citations omitted). "The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in **only the most extreme circumstances**, such as where the aggregate sentence is unduly harsh, considering the nature of the

crimes and the length of imprisonment." ***Commonwealth v. Moury***, 992 A.2d 162, 171-72 (Pa. Super. 2010) (emphasis added); ***see also Commonwealth v. Lawrence***, 313 A.3d 265, 286 (Pa. Super. 2024) (a defendant "is not entitled to a 'volume discount' on his multiple convictions by the imposition of concurrent sentences.").

Instantly, Appellant fails to establish that his case presents one of those exceptional, extreme circumstances in which consecutive sentences may raise a substantial question. ***See Moury***, 992 A.2d at 171-72. Appellant essentially argues that he cannot receive a separate sentence for the instant conviction, because the conduct underlying that conviction also prompted a probation revocation and resentencing in his 2018 case.[4] However, Appellant's assertion that he is being punished twice for the same conduct rests on a mischaracterization of his resentence in the 2018 case. Though prompted by his 2023 probation violation, Appellant's resentence nevertheless remains a sentence imposed for his 2018 failure to comply with sex offender registration requirements. The instant sentence relates to his 2023 failure to comply.

_____

[4] We observe that Appellant's probation violation arose from his failure to report to his probation officer between June 10, 2023, and July 3, 2023, whereas the instant conviction relates to his failure to register his address with PSP between July 19, 2023, and July 28, 2023. Though Appellant maintains both of these failures stemmed from his homelessness, he does not contend that the probation violation arose from his receipt of a new criminal charge in the instant case. ***See*** Appellant's Brief at 3-4, 13-14. But assuming *arguendo* that Appellant's probation violation had arisen from his receipt of the instant charge, our analysis would not change.

Appellant advances no colorable argument that the imposition of consecutive sentences for two distinct offenses, committed five years apart, is "inconsistent with a specific provision of the Sentencing Code" or "contrary to the fundamental norms which underlie the sentencing process." *McLendon*, 293 A.3d at 670. Appellant therefore fails to present a substantial question, and cannot invoke this Court's jurisdiction to challenge the discretionary aspects of his sentence. Accordingly, we dismiss the appeal.

Appeal dismissed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/04/2025