J-S01043-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| COREY LEE MCLENDON | : | |
| | : | |
| Appellant | : | No. 702 WDA 2025 |

Appeal from the PCRA Order Entered May 23, 2025
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002584-2020

BEFORE:   BOWES, J., PANELLA, P.J.E., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:              **FILED:  February 24, 2026**

Appellant, Corey Lee McLendon, appeals from the May 23, 2025, order of the Court of Common Pleas of Erie County denying his Post Conviction Relief Act (hereinafter "PCRA") petition. Appellant pled guilty to one count of aggravated assault[1], and was subsequently sentenced to seventy five to one hundred and fifty months incarceration, which he is currently serving. Following review of Appellant's petition, PCRA counsel filed a petition to withdraw and brief pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 493 (1967), and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (Pa. 2009), alleging the issues raised in Appellant's petition

---

[*] Former Justice specially assigned to the Superior Court.
[1] 18 Pa.C.S.A. § 2702.

were wholly frivolous.[2] After careful review, we grant attorney Fryling's petition to withdraw and affirm the order of the PCRA Court.

This Court has previously set forth a brief summary of the facts underlying Appellant's conviction as follows:

> Appellant was originally charged with one count each of: strangulation, aggravated assault, simple assault, false imprisonment, harassment, terroristic threats (F3), and unlawful restraint; three counts of terroristic threats (M1); and two counts of possessing instruments of crime. The charges arose out of an incident wherein Appellant assaulted and terrorized his then-girlfriend over the course of two days by striking her in the face and body with his fist, throwing items at her with such force that they broke upon hitting her, strangling her, holding a pair of scissors to her neck and slicing it superficially while threatening to kill her, beating her in the skull with a broomstick handle, and threatening to shoot up her father's residence where her two minor children lived.

*Commonwealth v. McLendon*, 293 A.3d 658, 662 (Pa. Super. 2023)(internal citation omitted).

This Court subsequently recounted the following procedural history of the case:

> The record reveals a contentious relationship between Appellant and his appointed counsel throughout this case. That relationship

_____

[2] As addressed below, while counsel has satisfied the procedural requirements of *Anders* and *Santiago*, because the instant appeal arises from a denial of PCRA relief, she need only have satisfied the less demanding standard as set forth in *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (Pa. 1998), and *Commonwealth v. Finley*, 379 Pa. Super. 390, 550 A.2d 213 (Pa. Super. 1988). *See Commonwealth v. Wrecks*, 2007 PA Super 239, 931 A.2d 717 (Pa. Super. 2007)("*Anders* counsel is not permitted to withdraw unless the appeal is wholly frivolous, but *Turner/Finley* counsel is permitted to do so if the case lacks merit, even if it is not so anemic as to be deemed wholly frivolous").

pervades the issues on appeal. At the originally scheduled preliminary hearing on September 17, 2020, Appellant refused to proceed because he did not wish to be represented by a public defender. The trial court continued the preliminary hearing for two months to give Appellant time to retain private counsel. As of the November 20, 2020 rescheduled preliminary hearing, Appellant had yet to retain private counsel. Instead, he objected to the rescheduled hearing because he had yet to sign a contract with his public defender, Michael A. DeJohn. N.T. Preliminary Hearing, 11/20/20, at 5-6. Appellant also claimed he had inadequate time to explain his defense to DeJohn. *Id.* DeJohn stated that his investigator talked to Appellant and asked him to sign an application to be represented by the public defender's office, but Appellant refused to sign it. *Id.* at 8. The trial court read a printed waiver of counsel form into the record, but Appellant refused to sign it, saying it was against his constitutional right. *Id.* at 10. The trial court declined to delay the preliminary hearing any further, and directed that Appellant proceed *pro se* at the preliminary hearing. *Id.* at 6, 8-10.

On August 6, 2021, Appellant pled guilty to aggravated assault in exchange for dismissal of all other charges. On October 11, 2021—the day of his scheduled sentencing hearing—Appellant filed a *pro se* motion to withdraw his plea. Appellant was represented by DeJohn at that time and did not ask DeJohn to file the motion on his behalf. As a result, the trial court delayed the scheduled sentencing and scheduled a hearing to address whether Appellant wished to withdraw and whether he wished to proceed with DeJohn. Two days later, on October 13, 2021, DeJohn petitioned to withdraw.

At an October 26, 2021 hearing, the trial court permitted counsel to withdraw and permitted Appellant to argue his plea withdrawal petition *pro se*. The trial court did not conduct a waiver of counsel colloquy pursuant to Pa.R.Crim.P. 121. Sentencing was scheduled for November 24, 2021. On November 23, 2021, the day before the scheduled sentencing, the trial court conducted a telephone hearing on Appellant's claim that he recently tested positive for Covid. Appellant's testimony about the timing and documentation of his alleged positive rapid test (or tests) varied, and he was unable to forward electronic verification to the court. The trial court determined the next day's sentencing hearing would proceed as scheduled unless Appellant appeared with documentation of his positive Covid test. Appellant appeared for

the November 24, 2021 sentencing without any such documentation and admitted on the record that he had tested negative for Covid. The trial court imposed sentence as set forth above. Appellant filed post-sentence motions and this timely appeal with the assistance of private counsel.

*Id.* at 662-663 (footnote omitted).

This Court affirmed Appellant's judgment of sentence in the above-referenced decision filed March 27, 2023, and we subsequently denied Appellant's petition for reargument on May 31, 2023. ***Commonwealth v. McClendon***, 2023 Pa. Super. LEXIS 235 (Pa. Super. 2023). Appellant's petition for allowance of appeal was denied by our Supreme Court on December 26, 2023. ***Commonwealth v. McLendon***, 310 A.3d 73 (Pa. 2023). Appellant timely filed the instant PCRA petition on July 31, 2024, counsel was appointed, and the matter proceeded to a hearing on March 24, 2025. Appellant's petition was subsequently denied by order on May 23, 2025. On July 1, 2025, appellate counsel was appointed by order.

Counsel identifies the following four issues in her brief, which Appellant sought to raise on appeal:

[1.] Did the Commonwealth violate **Brady v. Maryland** when it failed to disclose prior to Defendant's sentencing an [sic] victim impact statement written by Kelly Blaney, a co-worker of the victim that was presented to the court at the time of sentencing?

[2.] Did the trial court abuse its discretion by enhancing the Defendant's sentence by relying on the contents of a victim impact statement written by a co-worker of the victim that was presented to the court at the time of sentencing, when the co-worker did not know the victim prior to the time of her victimization and the Defendant was unable to cross-

- 4 -

examine the author of the victim impact statement at the time of the sentencing?

[3.] Was trial/plea/standby counsel ineffective in failing to provide the Defendant with exact copies of his discovery rather than summaries thereof, especially when the Defendant was indicating throughout the proceedings that he wished to represent himself?

[4.] Was appellate counsel ineffective in failing to raise on direct appeal the trial court's failure to hold a proper colloquy with Mr. McLendon to determine what rights he would be giving up if he represented himself at his hearing to withdraw his plea which prejudiced him as he was unable to proceed with the withdrawal of his plea.

Appellant's brief at 2 (numbering added for ease of reference).

As we have noted, Appellate counsel filed an **Anders/Santiago** brief and petition to withdraw, despite this appeal arising from denial of a PCRA petition. In such circumstances, we have observed:

Counsel petitioning to withdraw from PCRA representation must proceed not under **Anders** but under **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (Pa. 1998), and **Commonwealth v. Finley**, 379 Pa. Super. 390, 550 A.2d 213 (Pa. Super. 1988). Similar to the **Anders** situation, **Turner/Finley** counsel must review the case zealously. See **Commonwealth v. Mosteller,** 633 A.2d 615, 617, 430 Pa. Super. 57 (Pa. Super. 1993). **Turner/Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw. **Commonwealth v. Karanicolas**, 2003 PA Super 422, 2003 PA Super 422, 836 A.2d 940, 947 (Pa. Super. 2003).

Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro*

*se* or by new counsel. ***Commonwealth v. Friend***, 2006 PA Super 70, 2006 PA Super 70, 896 A.2d 607, 615 (Pa. Super. 2006).

***

[While] ***Anders*** counsel is not permitted to withdraw unless the appeal is wholly frivolous, [] ***Turner***/***Finley*** counsel is permitted to do so if the case lacks merit, even if it is not so anemic as to be deemed wholly frivolous.

***Commonwealth v. Wrecks***, 2007 PA Super 239, 931 A.2d 717 (Pa. Super. 2007).

After review of counsel's submissions, we find that the technical prerequisites of ***Turner*** and ***Finley*** have been satisfied, despite counsel's assumption of a higher standard than was necessary. In her brief, counsel delineates the issues Appellant sought to raise on appeal and provides a thorough and cogent argument for each issue raised as to their lack of merit. Further, counsel has filed her petition to withdraw and attached to said petition a copy of a letter addressed to Appellant advising him of her intention to withdraw as well as his right to proceed *pro se* or by new counsel. Counsel has also attached to said filing a certificate of service indicating delivery of the petition and letter to her client. To date, Appellant has filed no response to counsel's petition or brief. As such, we proceed with our independent review of the merits of Appellant's claims. ***See Commonwealth v. Muzzy***, 141 A.3d 509, 511 (Pa. Super. 2016).

This Court employs the following well-established standard of review:

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This

- 6 -

review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

*Commonwealth v. Ford*, 2012 PA Super 98, 2012 PA Super 98, 44 A.3d 1190, 1194 (Pa. Super. 2012) (internal citations omitted).

Appellant's first and second issues concern the victim impact statement in the form of a letter written by the victim's co-worker, which was offered by the Commonwealth at sentencing. N.T. Sentencing Hearing 11/24/2021 at 26-27. The letter itself was submitted to the sentencing court, and a copy was provided to Appellant. *Id.* The prosecutor thereafter read from the letter on the record, indicating the letter stated that the victim "is scared 24/7," and she "has a plan everywhere she goes[;] she walks into a room, a building, anywhere, she looks for exits, she looks for places to hide everywhere she go goes." *Id.* The sentencing court acknowledged receipt of the letter and incorporated the same into the record, but the court did not comment on the content of the letter, nor was the letter mentioned in the explanation of the court's reasoning in support of the sentence imposed. *Id.* 31-36.

At no point during the sentencing hearing did Appellant, then appearing *pro se*, object to the admission of the letter. *Id.* Appellant's counseled post-sentence motion similarly made no mention of the letter. Post Sentence Motion

filed 12/3/2021. As such no issue concerning the letter was preserved for appellate review. **See** Pa.R.A.P. 302(a)("[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

Nevertheless, Appellant did attempt, unsuccessfully, to raise some imprecisely identified issue related to the letter in his direct appeal. ***Commonwealth v. McLendon***, 293 A.3d 658, 671 (Pa. Super. 2023). As such, this issue cannot form the basis for PCRA relief. "To be eligible for relief under [the PCRA], the petitioner must plead and prove by a preponderance of the evidence [. . . t]hat the allegation of error has not been previously litigated or waived." 42 Pa.C.S. § 9543(a)(3). To the extent that Appellant attempts to raise the same issue as that which failed on direct appeal, it has been previously litigated. To the extent he attempts to raise new issues concerning the letter, such would be waived. **See also** PCRA. 42 Pa.C.S. §9544(b)("an issue is waived [for the purposes of the PCRA] if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding").

Even should this Court understand Appellant's first and second issues raised instantly as allegations of ineffective assistance of counsel for failure to present the aforementioned claims sooner, and thereby to preserve them, neither allegation would be successful. For such allegations to merit relief, Appellant would need to demonstrate: "first[,] the underlying claim[s have] arguable merit; second, that counsel had no reasonable basis for his action or

inaction; and third, that Appellant was prejudiced." ***Commonwealth v. Charleston***, 94 A.3d 1012, 1020 (Pa.Super. 2014) (citation omitted), ***appeal denied***, 104 A.3d 523 (Pa. 2014).

Appellant's first allegation of ineffectiveness would fail as the underlying claim, that the Commonwealth violated his rights under ***Brady v. Maryland***, 373 U.S. 83 (1963), lacks merit. Appellant contends that the Commonwealth violated his ***Brady*** rights by not producing the victim impact letter in response to his discovery requests. We note that:

> [t]o establish a Brady violation, a defendant must demonstrate that: (1) the evidence was suppressed by the Commonwealth, either willfully or inadvertently; (2) **the evidence was favorable to the defendant**; and (3) the evidence was material, in that its omission resulted in prejudice to the defendant.

***Commonwealth v. Antidormi***, 2014 PA Super 10, 84 A.3d 736, 747 (Pa. Super. 2014).

After careful review of the record on appeal, we discern no possible argument for the proposition that the letter at issue was favorable to the Appellant. In fact, the record does not indicate the letter does anything more than describe the constant state of fear in which his victim lives. As such, the letter simply is not ***Brady*** material. Therefore, Appellant's first issue is entirely without merit, and failure to preserve this claim for review may not form the basis of a claim of ineffective assistance of counsel.

Appellant's second issue, even understood as an allegation of ineffectiveness, would also fail, although in this instance for his inability to

show prejudice. Here, Appellant argues that the trial court's reliance on the letter was erroneous for two reasons. First, the writer of the letter did not know the victim prior to Appellant's having assaulted her. Second, the writer of the letter was not present at the sentencing hearing and thus the letter was hearsay. However, there is no indication that the sentencing court placed any weight at all on the content of the letter, and further the letter itself is largely duplicative of the testimony offered by the victim, who did appear to testify at sentencing. As such, we find that Appellant would not have been able to show that he was prejudiced by the introduction of the letter, and thus neither argument can form the basis of an availing allegation of ineffective assistance of counsel and his second issue fails.

In his third issue, Appellant contends that plea counsel was ineffective for failing to provide him with exact copies of his discovery materials in light of Appellant's having repeatedly expressed an intention to represent himself. However, at Appellant's PCRA hearing, Attorney DeJohn testified that the Chief Public Defender, Attorney Nicole Sloane Kondrlik, had on January 4th, 2021, mailed a full and complete copy of the discovery materials to the address Appellant had provided, and the PCRA Court credited this testimony. N.T. PCRA Evidentiary Hearing 5/23/2025 at 27-29; Pa.R.A.P. 1925(a) Opinion 8/7/2025 at 4. As the record provides ample support for the lower court's finding that Appellant indeed had been provided with his discovery materials, this claim merits no relief. ***Ford, supra.***

In his fourth and final issue, Appellant contends direct appeal counsel was ineffective for failing to raise a challenge to the lower court's having not provided Appellant a colloquy advising him of his rights prior to allowing Appellant to proceed *pro se*. However, this issue indeed *was* raised by appellate counsel. ***Commonwealth v. McClendon***, 293 A.3d 658, 663 (Pa. Super. 2023). Appellant's questions presented included:

> [w]hether the trial court erred in finding either forfeiture or waiver of the right to counsel and requiring Appellant to proceed *pro se* where Appellant showed that he and his court-appointed attorney suffered from irreconcilable differences, Appellant could not afford private counsel, Appellant did nothing to significantly delay the proceedings, and **the trial court failed to conduct the required colloquy before requiring Appellant to proceed *pro se*?**

***Id.*** (emphasis added).

This Court affirmed, noting that "[w]here a defendant forfeits his right to counsel, Pa.R.Crim.P. 121 and its waiver colloquy requirements do not apply," and observing in this matter:

> Appellant never cooperated with DeJohn from before the preliminary hearing up through counsel's eventual withdrawal. Appellant's conduct delayed the preliminary hearing by two months. Then, after his guilty plea and on the morning of his scheduled sentencing, Appellant filed a *pro se* plea withdrawal motion. That motion delayed the sentencing proceeding and precipitated DeJohn's petition to withdraw as counsel. Appellant expressed his desire to retain private counsel and did not do so, despite the trial court's warning that it would not delay the proceedings any further if Appellant arrived without counsel. Finally, Appellant, now acting *pro se*, tried to further delay his sentencing with a false claim that he tested positive for Covid. Appellant throughout these proceedings, commencing with his preliminary hearing and continuing through sentencing, played his request to have counsel and then not to have DeJohn as counsel to delay and obstruct these proceedings.

*Id.* at 666, 670 (Pa. Super. 2023).

This Court therefore held "[u]nder these circumstances, we discern no error in the trial court's finding of forfeiture of counsel." *Id.* Thus, Appellant's claim must fail, both because counsel could not have been ineffective for failing to raise a claim which he or she did indeed raise, and because the underlying claim is itself without merit.

After careful review of Appellant's petition and the record on appeal, we discern no meritorious issues which might yet be raised, and as such our independent review is concluded.

Wherefore, as the record supports the PCRA court's factual determinations and as we discern no errors in its legal conclusions, we find Appellant's petition does not merit relief. Therefore, we grant counsel's application to withdraw and affirm the Order of the PCRA court.

Application to withdraw granted; Order affirmed.


Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary


DATE:  2/24/2026