J-A11042-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID CHRISTOPHER CARLS III | : | |
| | : | |
| Appellant | : | No. 1473 MDA 2023 |

Appeal from the Judgment of Sentence Entered June 8, 2023
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0000455-2022

BEFORE: BOWES, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                 **FILED: MAY 29, 2024**

David Christopher Carls III (Appellant) appeals from the judgment of sentence entered after he pled *nolo contendere* to robbery and arson.[1] We affirm.

The underlying facts are as follows. On November 16, 2021, the victim

> waited inside her locked vehicle, a black 2019 Jeep Cherokee, [outside her place of employment,] until her supervisor arrived to walk her inside. The victim … ha[d] recently been afraid of her ex-boyfriend, [Appellant]. [Appellant] had recently … been suspected of burglarizing the victim's home, while she was asleep inside[,] and threatening the victim.
>
> At approximately [5:50 a.m.], while the victim was waiting in her vehicle, [Appellant arrived at the victim's place of employment,] entered her locked vehicle with a spare key[,] and pointed a handgun at the victim as she was attempting to exit her vehicle…. [T]he victim attempted to escape and was physically

---

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 3301(a)(1)(i).

restrained by [Appellant, who grabbed] her clothing, attempting to keep her in the vehicle.

The victim was eventually able to escape and fell to the ground. While [the victim was] on the ground, [Appellant] was revving the engine and the victim believed he was going to hit her with the car. The victim was able to get up from the ground and run behind a tree…. [Appellant] drove the victim's Jeep away and fled from the scene. The victim reported that her … iPhone, purse, wallet[,] and firearm were in her Jeep when [Appellant] drove away.

Shortly after [Appellant] left the scene in the victim's black Jeep Cherokee, the Jeep was observed by the victim's neighbor … at the victim's residence … [in] Luzerne County. [The neighbor] heard a crackling noise outside at the victim's residence and then observed the victim's residence on fire. [The neighbor] witnessed the victim's vehicle leaving the residence…. [Police] conducted an investigation and ultimately ruled the fire an arson.

Police Criminal Complaint, Affidavit of Probable Cause, 12/7/21, at 1-2. The Commonwealth alleged the fire completely destroyed the victim's home and "killed her beloved pets." N.T., 4/6/23, at 6; N.T., 6/8/23, at 4.

The Commonwealth charged Appellant with five counts of arson; two counts each of robbery and recklessly endangering another person; and one count each of theft by unlawful taking, burglary, and simple assault. On April 6, 2023, Appellant entered an open plea of *nolo contendere* to one count of robbery and one count of arson. N.T., 4/6/23, at 1. The trial court deferred sentencing for the preparation of a presentence investigation report (PSI).

At sentencing, the Commonwealth argued the incidents of robbery and arson were "two separate crimes" and requested consecutive sentences at the top of the standard range of the sentencing guidelines. N.T., 6/8/23, at 4.

Appellant's counsel requested concurrent sentences at the bottom of the standard range, noting Appellant was 60 years old and had a prior record score of zero. *Id.* at 5-7. Counsel argued the crimes were "completely out of [Appellant's] character" and resulted from an emotional break Appellant suffered over his relationship with the victim. *Id.* at 5-6. The trial court imposed an aggregate sentence of 7 to 14 years in prison, including a standard-range sentence of 4 to 8 years for robbery, and a consecutive, standard-range sentence of 3 to 6 years for arson. *Id.* at 7-8. The trial court also indicated the sentences would run consecutive to an unrelated Schuylkill County sentence Appellant was already serving. *Id.* at 7.

Appellant filed a timely motion to modify sentence, requesting that his robbery sentence be reduced by eight months to the bottom of the standard range, and that it run concurrent with his arson sentence. Motion to Modify Sentence, 6/14/23, prayer for relief. Appellant also requested 133 days of credit for time served relating to the Schuylkill County case. *Id.* The trial court denied the motion.

Appellant timely appealed. The trial court directed Appellant to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal. Appellant filed a timely concise statement, identifying two issues: (1) "that the trial court erred or abused its discretion or committed an error of law in sentencing him to the high end of the standard range for the robbery offense"; and (2) "that [Appellant] should have been given additional credit for the 133

days which was ultimately applied to a Schuylkill County case." Rule 1925(b) Statement, 11/3/23, ¶¶ 2-3. Appellant's concise statement did not assert the trial court abused its discretion in imposing consecutive sentences for robbery and arson. The trial court subsequently filed an opinion under Rule 1925(a).

Appellant now presents a single question for our review: "Whether the trial court abused its discretion in sentencing the [Appellant?]" Appellant's Brief at 1. Appellant offers a single argument: "that the trial court abused its discretion in failing to sentence him to concurrent rather than consecutive sentences" for robbery and arson. *Id.* at 6. Appellant does not argue either of the two issues identified in his concise statement, but instead advances a third issue not raised in the statement.

"It is well-established that any issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review." ***Commonwealth v. Bonnett***, 239 A.3d 1096, 1106 (Pa. Super. 2020). As we have observed, Rule 1925(b)

> is very clear and very strict. "The Statement ***shall*** concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge." Pa.R.A.P. 1925(b)(4)(ii) (emphasis added). "Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." ***Id.*** (b)(4)(vii). This is because, the "absence of a trial court opinion poses a substantial impediment to meaningful and effective appellate review." ***Commonwealth v. Lord***, 719 A.2d 306, 308 (Pa. 1998). "Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. Rule 1925 is thus a crucial component of the appellate process." ***Id.***

*Commonwealth v. Smith*, 304 A.3d 35, 39 (Pa. Super. 2023) (some citations modified; emphasis in original).

Here, the trial court's opinion addressed the two issues Appellant identified in his concise statement, but not the issue he now advances. *See* Trial Court Opinion, 12/15/23. Because Appellant's issue was not preserved in his concise statement, it is waived. *Smith*, 304 A.3d at 39.

Even if not waived, the issue would merit no relief. There is no automatic right of appeal from the discretionary aspects of a sentence. *Commonwealth v. Mastromarino*, 2 A.3d 581, 585 (Pa. Super. 2010). An appellant challenging the discretionary aspects of a sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Glawinski*, 310 A.3d 321, 325 (Pa. Super. 2024) (citation omitted). Here, Appellant filed a timely notice of appeal, preserved the issue in his motion to modify sentence, and included the required Pa.R.A.P. 2119(f) statement in his brief. *See* Appellant's Brief at 3. However, he fails to establish that a substantial question exists.

"A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1)

inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. McLendon*, 293 A.3d 658, 670 (Pa. Super. 2023) (quotation marks omitted). As Appellant concedes, "it is generally accepted that a challenge to an imposition of a consecutive rather than concurrent sentence does not present a substantial question…." Appellant's Brief at 7 (citing *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010)). Indeed, the "imposition of consecutive, rather than concurrent, sentences may raise a substantial question in *only the most extreme circumstances*, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Moury*, 992 A.2d at 171-71 (emphasis added); *see also Commonwealth v. Radecki*, 180 A.3d 441, 468 (Pa. Super. 2018) ("We consistently have recognized that excessiveness claims premised on imposition of consecutive sentences do not raise a substantial question for our review."); *id.* at 469 ("an allegation that a sentencing judge failed to consider or did not adequately consider certain mitigating factors generally does not raise a substantial question." (brackets and quotation marks omitted)).

Appellant fails to establish that his case presents one of those exceptional, extreme circumstances in which consecutive sentences raise a substantial question. He makes no attempt to reconcile his argument with the nature of his crimes, and his brief contains not a single mention of the

underlying facts. ***See generally*** Appellant's Brief. Appellant's assertion that the trial court failed to consider his age and prior record score is belied by the record. ***Id.*** at 8. The trial court's consideration of Appellant's prior record score is evident in its imposition of sentences within the standard range, and its opinion made clear it considered the PSI and Appellant's "history, character, and condition…." Trial Court Opinion, 12/15/23, at 5 (unpaginated); ***see also id.*** (explaining factors underlying Appellant's sentence, including the trial court's opinion that "a lesser sentence [would] depreciate the seriousness of [Appellant's] crime…." (quoting 42 Pa.C.S.A. § 9725(3)).[2]

Appellant makes no colorable argument that the trial court abused its discretion in imposing consecutive sentences and, therefore, no substantial question exists.

Judgment of sentence affirmed.

---

[2] Appellant's argument that the trial court failed to consider his acceptance of responsibility is also contradicted by the record. Appellant's Brief at 8. At sentencing, Appellant stated, "Alls *[sic]* I can do is apologize to the court, to my family and [the victim]. This is unfortunate this happened. It did happen, I can't change it, I've accepted it." N.T., 6/8/23, at 7. The trial court responded, "Sir, you pointed a firearm at this woman, stole her car, went home and burned her house. You call that unfortunate?" ***Id.***

Judgment Entered.

![signature: Benjamin D. Kohler]

Benjamin D. Kohler, Esq.
Prothonotary

Date: 05/29/2024