J-A09011-24

2024 PA Super 244

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS FRANCIS COOK | : | |
| | : | |
| Appellant | : | No. 510 WDA 2023 |

Appeal from the PCRA Order Entered April 12, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0018195-2009

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J

OPINION BY DUBOW, J.:                    **FILED: October 25, 2024**

Appellant, Thomas Francis Cook, appeals *pro se* from the April 12, 2023 order entered in the Allegheny County Court of Common Pleas denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, as meritless.  After careful review, we are constrained to find that the PCRA court erred in concluding that Appellant forfeited his right to counsel for his first PCRA petition and thus, denying his request to appoint new counsel to represent Appellant.  We, thus, vacate the PCRA court's order and remand with instructions.

A detailed recitation of the facts and convoluted procedural history of this matter is immaterial to our disposition, so we only provide the facts that are relevant to our analysis.  On February 1, 2011, Appellant entered an open guilty plea to one count each of Burglary, Aggravated Assault, and Kidnapping

for Ransom. In exchange for his plea, the Commonwealth withdrew a Robbery charge and agreed that it would not seek the imposition of a mandatory "second strike" sentence. That same day, the trial court sentenced Appellant to a term of 7½ to 21$^{2/3}$ years of incarceration followed by 3 years of probation.[1,2] Kathleen Miskovich, Esquire, represented Appellant at the guilty plea/sentencing hearing. Appellant did not file a post-sentence motion or direct appeal from his judgment of sentence. His judgment of sentence, thus, became final on March 3, 2011.

On January 3, 2012, the lower court clerk docketed a *pro se* letter from Appellant as a "Request for Sentencing Order" because Appellant sought, *inter alia*, credit for time served. *Pro Se* Letter, 1/3/12, at 1 (unpaginated). The court took no action in response to this letter.

---

[1] The court sentenced Appellant to a term of 5 to 16$^{2/3}$ years of incarceration for his Aggravated Assault conviction and a consecutive term of 2½ to 5 years for his Kidnapping for Ransom conviction. Appellant received a consecutive 3-year probationary sentence for his Burglary conviction. As part of his sentence, the court also ordered Appellant to comply with DNA registration.

[2] At the hearing, the trial court also sentenced Appellant at two other docket numbers. In particular, Appellant pleaded guilty to Burglary at Docket No 18198-2009 and the court sentenced him to 9 to 18 months of incarceration and credited him with 274 days of time served in Allegheny County Jail from November 30, 2009, to August 20, 2010. Appellant also pleaded guilty to Escape at Docket No. 169-2010 and the court sentenced him to 6 to 12 months of incarceration and the court credited him with 156 days for time served from August 30, 2010, to February 1, 2011. Appellant's total aggregate sentence was, thus, 105 months to 290 months of incarceration followed by 3 years of probation.

More than one year later, on August 29, 2013, Appellant filed a *pro se* "Motion for Time Credit and Corrected Commitment" requesting that the trial court issue an order directing the clerk of courts to award him credit for time served from December 4, 2009, to February 17, 2011.[3, 4] The court took no action on this motion.

On January 29, 2021, Appellant *pro se* filed the instant PCRA petition raising claims that his guilty plea was unlawfully induced and that his plea counsel was ineffective for advising him to plead guilty. At this point, the PCRA court, determined that the *pro se* letter Appellant sent to the court in 2012 was, in fact, a timely first PCRA petition because it raised a claim cognizable under the PCRA. Because that 2012 "petition" remained outstanding on its docket, the court deemed the instant PCRA petition to be an amendment to the "petition" filed in 2012, and appointed Jacob C. McCrea, Esquire to represent Appellant.

On September 23, 2021, Attorney McCrea filed an amended PCRA petition in which Appellant contended that plea counsel was ineffective

---

[3] Although Attorney Miskovich suggested at Appellant's sentencing hearing that Appellant "has over a year and 73 days that could be credited," N.T. Sentencing, 2/1/11, at 11, neither the notes of testimony nor the sentencing documents in the certified record reflect that the court awarded Appellant any credit for time served.

[4] Over the course of the next 9 years, Appellant filed numerous *pro se* letters and petitions, and motions the dispositions of which are not relevant to this appeal.

because she misrepresented to Appellant that he would be subject to a "second strike" mandatory minimum sentence if he did not plead guilty.

On February 28, 2022, the Commonwealth filed an answer to Appellant's amended PCRA petition in which it argued that Appellant's plea counsel had not been ineffective because, based on the state of the "second strike" law at the time of Appellant's plea, counsel properly advised Appellant that he would be subject to a "second strike" minimum sentence if he proceeded to trial and was convicted.

On March 9, 2022, the PCRA court issued a Rule 907 notice indicating that it intended to dismiss as meritless the instant PCRA petition without a hearing.

On March 28, 2022, Appellant *pro se* filed a motion for substitution of counsel averring that he and Attorney McCrea had a "severe breakdown in trust and communication" and that Attorney McCrea is "not willing and/or able to provide effective counsel" to Appellant. Motion, 3/28,22, at ¶ 2. Appellant asserted that Attorney McCrea had sent him a letter in which Attorney McCrea indicated that he would not file a supplement to the amended PCRA petition as Appellant requested. Accordingly, Appellant requested the appointment of new counsel and leave to further amend his PCRA petition in response to the Commonwealth's answer to Appellant's petition.

On April 8, 2022, Attorney McCrea filed a motion to withdraw as counsel and appoint new counsel. He explained in the motion that, following his review of the Commonwealth's answer to the amended PCRA petition and subsequent

research pertaining to the "second strike" statute's applicability to Burglary convictions, Attorney McCrea now believed that Appellant's claim that his plea counsel was ineffective for advising Appellant to plead guilty to avoid being subject to a "second strike" mandatory minimum sentence did not have arguable merit. Attorney McCrea did, however, find other issues Appellant sought to raise "not plainly frivolous as a matter of law." Motion to Withdraw, 4/8/22, at ¶ 7. Due to the deterioration of the attorney-client relationship, Attorney McCrea sought to withdraw. However, because Appellant sought to raise other "not plainly frivolous" issues, Attorney McCrea asked the court to appoint Appellant new counsel.

On July 12, 2022, the PCRA court held a hearing on the motion to withdraw at which both Attorney McCrea and Appellant testified. Throughout his testimony, Appellant vehemently disagreed with Attorney McCrea's legal analysis of the pertinent case law and statutes. At the conclusion of testimony, the PCRA court found that there had been an "irretrievable breakdown" in the relationship between Appellant and Attorney McCrea and, therefore, it granted Attorney McCrea's motion to withdraw as counsel. N.T. Hr'g, 7/12/22, at 41, 49-50.

The Court also found that "based on his conduct, [Appellant] demonstrated that he wishes to represent himself and thinks that he can do a better job than his attorney." *Id.* at 50. Appellant objected to this characterization and denied that he forfeited his right to counsel. The PCRA court then reiterated that "[b]y his conduct [Appellant has] indicated that he

would not be willing to cooperate with any future attorney who disagrees with his own analysis of case law." *Id.* Appellant again objected, noting that the court's ruling was "highly inappropriate." *Id.* at 51. The PCRA court did not appoint Appellant counsel but permitted Appellant to *pro se* file an amended PCRA petition. We highlight the fact that although Appellant engaged in oppositional and intransigent conduct during the hearing, his conduct was not violent and did not delay the proceedings.

On July 21, 2022, Appellant filed a motion for reconsideration of the PCRA court's order denying Appellant the appointment of new counsel. The PCRA court denied the motion on August 1, 2022.

On October 17, 2022, Appellant *pro se* filed an amended PCRA petition. On January 3, 2023, the Commonwealth filed an answer to the amended PCRA petition in which it argued that most of Appellant's ineffectiveness claims lacked merit but conceded that Appellant's ineffective claim that trial counsel failed to file a post-sentence motion or direct appeal might have merit.

On April 6, 2023, the PCRA court held a hearing on Appellant's amended petition at which Appellant represented himself. Appellant and plea counsel testified. On April 12, 2023, the PCRA court dismissed Appellant's petition as meritless.

This timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

1. Did the PCRA [c]ourt abuse its discretion/commit an error of law when it determined that Appellant had forfeited his right to counsel for doing nothing more than raise claims of PCRA [c]ounsel McCrea's ineffectiveness at the first opportunity to do so?

2. Did the PCRA [c]ourt abuse its discretion/commit an error of law when it determined that PCRA [c]ounsel McCrea wasn't ineffective counsel for failing to raise claims of plea counsel Miskovich's ineffectiveness as requested by Appellant?

3. Did Appellant's right to counsel reattach pursuant to Pa.R.Crim.P. 904(D) once the PCRA [c]ourt determined that an evidentiary hearing was required regarding Appellant's *pro se* claims?

4. Was plea counsel Miskovich ineffective counsel in advising Appellant to accept the Commonwealth's plea offer in order to avoid the mandatory sentencing provisions of 42 Pa.C.S. § 9714(a)(1) when Appellant did not qualify for said mandatory sentences, resulting in an unknowing plea and manifest injustice?

5. Was plea counsel Miskovich ineffective for failing to seek withdrawal of Appellant's guilty plea once the Commonwealth violated its agreement not to make a sentencing recommendation?

Appellant's Brief at 2-3 (renumbered).

In his first issue, Appellant challenges the PCRA court's determination that, by his conduct, Appellant forfeited his right to counsel and thus, the PCRA court erred in refusing to appoint new counsel.

An indigent petitioner has a rule-based right to counsel to represent him on his first PCRA petition. Pa.R.Crim.P. 904(C). An indigent petitioner, however, may forfeit the right to counsel if the petitioner engages in

"extremely   serious   misconduct   or   extremely   dilatory   conduct."
***Commonwealth v. Staton***, 120 A.3d 277, 282, 286 (Pa. 2015).[5]

When  determining  whether  a  defendant  has  engaged  in  "extremely
dilatory  conduct"  to  justify  the  forfeiture  of  the  right  to  counsel,  the  courts
have  addressed  as  a  threshold  issue  whether  a  defendant's  misconduct
resulted  in  a  delay  in  the  proceedings.   For  example,  the  Supreme  Court  has
found  that  a  defendant  forfeited  his  right  to  counsel  when  the  defendant  had
the  financial  ability  to  retain  private  counsel,  fired  several  lawyers  that  he  had
hired,  was  given  over  eight  months  to  prepare  for  trial,  and  then  appeared  at
trial  without  an  attorney  or  an  explanation  as  to  why  counsel  was  not  present.
***Commonwealth  v.  Lucarelli***,  971  A.2d  1173,  1179  (Pa.  2009).   The
Pennsylvania  Supreme  Court  held  that  "where  a  defendant's  course  of  conduct
demonstrates  his  []  intention  not  to  seek  representation  by  private  counsel,
despite  having  the  opportunity  and  financial  wherewithal  to  do  so,  a
determination  that  the  defendant  be  required  to  proceed  *pro se*  is  mandated
because  that  defendant  has  forfeited  the  right  to  counsel."  ***Id.***  at 1179.

---

[5] In **Staton**, the Supreme Court found that the trial court properly found that the defendant forfeited his right to counsel when, during a hearing, the defendant "stood up from his chair and swung his shackled arms suddenly and violently, striking [PCRA counsel] in the head, eyes, and nose, with such force that it propelled [counsel] to the floor and momentarily knocked him unconscious." **Staton**, 120 A.3d at 282. The Supreme Court concluded that Appellant engaged in extremely serious misconduct towards his attorney and thus, forfeited his right to counsel. ***Id.*** at 285. There is no suggestion that Appellant engaged in any violent conduct towards his counsel, so we need not address whether he engaged in "extremely serious misconduct."

Similarly, this Court found that the defendant engaged in "extremely dilatory conduct" and thus, forfeited his right to counsel in *Commonwealth v. McLendon*, 293 A.3d 658 (Pa. Super. 2023), where the defendant's "refusal to cooperate with counsel and the trial court persisted throughout the trial proceeding . . . [which resulted in] unnecessarily drawn[-]out proceedings brought about by a defendant's refusal to cooperate with counsel." *Id.* at 668. In particular, the defendant's "dilatory conduct spanned eleven months." *Id.*

In contrast, the Superior Court found that a trial court erred in concluding that a defendant forfeited his right to counsel because "although [the defendant's] initial disagreement with the Public Defender's Officer resulted in the Public Defender's withdrawing from representation. . . [the defendant] . . . maintained the same court-appointed counsel through trial and sentencing." *Commonwealth v. Fill*, 202 A.3d 133, 139 (Pa. Super. 2019). This Court concluded that "there is no evidence, for example, that [the defendant] failed to seek private counsel or delayed in doing so." *Id.* at 140.

With these cases in mind, we review the PCRA court's determination that Appellant engaged in such "extremely dilatory behavior" that Appellant forfeited his right to counsel. We review the decision whether to appoint new counsel for an abuse of discretion. *Commonwealth v. Spotz*, 756 A.2d 1139, 1150 (Pa. 2000).

The PCRA court found that Appellant engaged in "extremely dilatory conduct" when he made a "frivolous attack on his counsel" and filed a

"substantial number of *pro se* filings while represented by counsel." PCRA Ct. Op., 8/23/23, at 5. At the hearing on counsel's motion to withdraw, Appellant argued vehemently that his analysis of the case law was correct and made numerous allegations that Attorney McCrea was ineffective and refused to accept Appellant's argument because counsel "never put the effort in doing the research or anything." N.T. Hr'g at 15-20.

Attorney McCrea testified about the significant time and effort he spent reviewing Appellant's argument and his reasoning for rejecting Appellant's position. *Id.* at 4-6. Attorney McCrea concluded that he could not "in good conscience" make the arguments that Appellant was asserting. *Id.* at 6.

The PCRA Court, after listening to Appellant's interpretation of the case law as well as Attorney McCrea's, concluded that Attorney McCrea "has done all of the research and fully investigated the merits of any arguments that he might make[.]" *Id.* at 41. The PCRA court attempted to explain to Appellant the reasons why his interpretation of case law was incorrect. *Id.* at 33-34. Appellant, however, was unpersuaded and concluded that Attorney McCrea "does not have a good grasp of these arguments." *Id.* at 37.

The PCRA court granted Attorney McCrea's motion to withdraw as counsel. The PCRA court also denied Appellant's motion for substitution of counsel, concluding that "no counsel could represent Appellant because he would fight with any attorney who disagreed with [his] understanding and interpretation of the law." PCRA Ct. Op. at 5.

The record confirms the PCRA's court finding that Appellant's intransigent and obdurate conduct reflected Appellant's uncompromising view that he had a better understanding of legitimate legal arguments than his well respected and experienced counsel. This conduct, however, did not result in a delay of the criminal proceedings. In fact, Appellant *pro se* filed an Amended PCRA petition according to the court's deadline and attended the hearing on the PCRA petition. Our review of the relevant case law indicates that our courts have included in the definition of "extremely dilatory conduct" the requirement that the defendant's conduct created some delay in the criminal proceedings. Because the record reflects that Appellant's conduct did not delay the criminal proceedings, we are constrained to find that the trial court abused its discretion in finding that Appellant forfeited his right to counsel and denying Appellant's motion for substitute counsel.[6, 7]

_____

[6] Appellant's second issue on appeal pertains to the PCRA court's determination that PCRA counsel McCrea was not ineffective in his representation of Appellant. Appellant did not, however, include this issue in his June 12, 2023 Rule 1925(b) statement or his July 17, 2023 supplemental Rule 1925(b) statement. While generally we would find that Appellant waived this issue by failing to include it in his Rule 1925(b) statement and supplemental statement, *see* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement . . . are waived."), given our conclusion that the PCRA court improperly denied Appellant representation of counsel, we decline to find waiver and instead defer to newly-appointed counsel to determine whether to raise this issue again on remand.

[7] In light of our disposition, we do not need to address Appellant's other issues raised on appeal.

We note, as a final matter, that it is the Pennsylvania Rules of Criminal Procedure, and not the U.S. Constitution or Pennsylvania Constitution, that governs a defendant's the right to counsel during PCRA proceedings. At this point, the case law on forfeiture of counsel does not differentiate between the standard for forfeiting the right to counsel in a post-conviction proceeding and other criminal proceedings in which the right to counsel is constitutionally based. We suggest that the Supreme Court or Pennsylvania Criminal Procedural Rules Committee revisit the issue of forfeiture of counsel in a PCRA proceeding. In particular, we ask that the Supreme Court or Pennsylvania Criminal Procedural Rules Committee address whether a defendant has forfeited his right to counsel in a situation similar to the facts of this case: where a defendant's obdurate conduct does not delay the criminal proceedings, but the PCRA court determines that the defendant, without any legitimate legal basis, refuses to accept his highly respected attorney's legal advice and concludes that the defendant will continue to be unwilling to accept legitimate legal advice with a new attorney.

Order reversed. Case remanded with instructions to appoint new counsel for Appellant and hold a hearing on the amended PCRA petition. Jurisdiction relinquished.

Judge Kunselman joins the memorandum.

Judge Nichols concurs in result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


DATE: 10/25/2024