J-S05019-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| IHSEIM LEE | : | |
| | : | |
| Appellant | : | No. 2257 EDA 2024 |

Appeal from the Judgment of Sentence Entered August 6, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002360-2023

BEFORE:   BOWES, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED FEBRUARY 26, 2025**

Ihseim Lee (Appellant) appeals from the judgment of sentence imposed after he pled guilty to one count each of third-degree murder, conspiracy to commit third-degree murder, carrying a firearm without a license, and carrying a firearm on public streets in Philadelphia; and two counts of aggravated assault.[1]  We affirm.

The trial court summarized the factual basis for Appellant's guilty plea:

On September 29, 2022, at approximately 5:00 p.m., [Appellant], then sixteen years old, shot at three individuals near the corner of 54th Street and Willows Avenue in Philadelphia, killing sixteen-year-old S.T. and striking fourteen-year-old Z.H.  The third victim, [S.T.'s] fourteen-year-old brother[,] K.T., was not injured.  The incident was captured on surveillance video.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502(c), 903, 6106(a)(1), 6108, 2702(a)(1).

While the three victims were walking on the sidewalk of 54th Street, [Appellant] pulled up in a white Dodge Charger, driven by his co-defendant, Tahjeir Thompson, near the corner of 54th Street and Willows Avenue. The car stopped and [Appellant] stepped out of the front passenger door. He walked toward the [victims] and began firing his gun. [S.H.], after getting shot, fell face first to the ground[,] while the two surviving victims fled. [Appellant] got back into the vehicle and fled eastbound on Willows Avenue.

[Appellant's] high school principal identified [Appellant] from photographs and the surveillance video. [Appellant's] fingerprints were found on the inside of the front passenger side window of the [Dodge Charger]. His co-defendant, Tahjeir Thompson, also sixteen years old, had a juvenile probation GPS monitoring device on him, which confirmed his exact location at the time of the shooting.

[S.H.] suffered a gunshot wound at close range to the left side of the back of the head. An autopsy revealed the cause of death was complications of a gunshot wound to the head and associated injuries[,] and the manner of death was a homicide.

At the crime scene, police recovered eight 9mm … cartridge casings … and two projectiles. Testing revealed that the [casings] were all fired from the same gun.

Trial Court Opinion, 9/17/24, at 1-2 (record citations omitted).

On May 24, 2024, Appellant entered an open guilty plea to the above offenses. The trial court ordered a pre-sentence investigation (PSI) and mental health evaluation. On August 6, 2024, the trial court imposed an aggregate sentence of 20 to 40 years in prison. The sentence included 15 to 30 years for Appellant's conviction of third-degree murder, and a consecutive sentence of 5 to 10 years for his conviction of one count of aggravated assault. The trial court also imposed concurrent sentences for his remaining convictions: 10 to 20 years for conspiracy to commit third-degree murder; 5

to 10 years for the second count of aggravated assault; and 1 to 2 years for carrying a firearm without a license. The trial court imposed no further penalty for Appellant's conviction of carrying a firearm on public streets in Philadelphia.

On August 16, 2024, Appellant filed a timely post-sentence motion, requesting reconsideration of his sentence. The trial court denied the motion on August 21, 2024. Appellant timely appealed. Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant raises a single question for our review: "Did the trial court abuse its discretion in imposing an aggregate sentence of [20 to 40] years following the entry of an open guilty plea?" Appellant's Brief at 5.

Initially, we observe there is no automatic right of appeal from the discretionary aspects of a sentence. *Commonwealth v. Mastromarino*, 2 A.3d 581, 585 (Pa. Super. 2010). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Glawinski*, 310 A.3d 321, 325 (Pa. Super. 2024) (citation omitted). Here, Appellant filed a timely notice of appeal, preserved

the issue in his post-sentence motion, and included the required Rule 2119(f) statement of reasons for allowance of appeal in his brief. ***See*** Appellant's Brief at 4.

We next consider whether Appellant presents a substantial question. "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. McLendon***, 293 A.3d 658, 670 (Pa. Super. 2023) (quotation marks omitted). In determining whether a substantial question exists, we do not

> examine the merits of whether the sentence is actually excessive.
> Rather, we look to whether the appellant has forwarded a
> plausible argument that the sentence, when it is within the
> guideline ranges, is clearly unreasonable. Concomitantly, the
> substantial question determination does not require the court to
> decide the merits of whether the sentence is clearly unreasonable.

***Glawinski***, 310 A.3d at 325 (citation omitted).

Instantly, Appellant's Rule 2119(f) statement asserts the trial court imposed an excessive sentence and

> failed to properly consider sentencing factors enumerated in 42
> Pa.C.S.[A.] § 9721, focusing solely on the nature of the offense
> and the impact on the victims, while not placing substantial weight
> on the mitigat[ing evidence] presented by [Appellant] at the
> sentencing hearing….

Appellant's Brief at 4. Appellant asserts the mitigating evidence included "his lack of any prior contact with the criminal justice system, his statement [of] remorse, his background and upbringing, his young age and acceptance of

responsibility." **Id.** Appellant maintains the trial court "basically ignored the rehabilitative needs of Appellant and concentrated solely on the gravity of [the] offense[s], imposing consecutive sentences without sufficient justification." **Id.**

This Court has held that "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." **Commonwealth v. Caldwell**, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*) (quoting **Commonwealth v. Raven**, 97 A.3d 1244, 1253 (Pa. Super. 2014)); **see also Commonwealth v. Knox**, 165 A.3d 925, 929-30 (Pa. Super. 2017) ("A claim that the trial court focused exclusively on the seriousness of the crime while ignoring other, mitigating circumstances … raises a substantial question."). As Appellant argues the trial court imposed an excessive sentence by focusing exclusively on the seriousness of the crimes and failing to consider mitigating factors, we conclude Appellant has raised a substantial question.[2] Accordingly, we will review the merits of Appellant's claim.

_____

[2] However, Appellant's assertion that the trial court "impos[ed] consecutive sentences without sufficient justification," Appellant's Brief at 4, does **not** raise a substantial question. "We consistently have recognized that excessiveness claims premised on imposition of consecutive sentences do not raise a substantial question for our review." **Commonwealth v. Radecki**, 180 A.3d 441, 468 (Pa. Super. 2018); **see also Commonwealth v. Moury**, 992 A.2d 162, 171-72 (Pa. Super. 2010) ("The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in **only the most extreme circumstances**, such as where the aggregate sentence
*(Footnote Continued Next Page)*

Appellant argues the trial court "basically ignored" Appellant's mitigating evidence and imposed "an excessive sentence [based] solely on the seriousness of the crimes." Appellant's Brief at 10. Appellant maintains the trial court did not "properly consider" mitigating factors, including Appellant's lack of a prior criminal record, his remorse and acceptance of responsibility, "his background and upbringing, his young age," and "his specific needs for rehabilitation." *Id.* at 8. Appellant notes that he "submitted a lengthy mitigation report, as well as a forensic psychological evaluation by Dr. Kirk Heilbrun." *Id.* at 9. Appellant also notes he "had multiple family members present [at his sentencing hearing], including his grandmother, aunts, and mother." *Id.* Appellant argues the trial court nevertheless imposed "the exact sentence that the Commonwealth requested," *id.* at 10, and indicated it chose that sentence "because of the damage … [Appellant] inflicted." *Id.* (quoting N.T., 8/6/24, at 43).

"The standard employed when reviewing the discretionary aspects of sentencing is very narrow." ***Commonwealth v. King***, 182 A.3d 449, 454 (Pa. Super. 2018) (citation omitted).

_____

is unduly harsh, considering the nature of the crimes and the length of imprisonment." (emphasis added)). Appellant fails to explain why the nature of the crimes—particularly the fact that Appellant shot ***two*** people—would not justify consecutive sentences. ***See Commonwealth v. Lawrence***, 313 A.3d 265, 286 (Pa. Super. 2024) (a defendant "is not entitled to a 'volume discount' on his multiple convictions by the imposition of concurrent sentences.").

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived [at] a manifestly unreasonable decision.

*Commonwealth v. Torres*, 303 A.3d 1058, 1065 (Pa. Super. 2023) (citation omitted).

"In every case in which the court imposes a sentence for a felony ... the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." 42 Pa.C.S.A. § 9721(b). The Sentencing Code requires the trial court to

> follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

*Id.*; *see also Commonwealth v. McClendon*, 589 A.2d 706, 712 (Pa. Super. 1991) (*en banc*) (stating "the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation." (internal citations and quotation marks omitted)). The trial court must also consider the sentencing guidelines. 42 Pa.C.S.A. § 9721(b); *see also Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008) ("When imposing a sentence, the sentencing court is required to consider the sentence ranges set forth in the Sentencing Guidelines….").

Instantly, in its Rule 1925 opinion, the trial court stated as follows:

In fashioning its sentence, [the trial court] considered all the relevant factors, including the sentencing guidelines, the protection of the public, the gravity of the offenses, as they relate to the impact on the lives of the victims, their families, and the community[;] as well as [Appellant's] age, prior criminal record, family support, school record, drug abuse, the fact that he accepted responsibility by pleading guilty, and his potential for rehabilitation…. N.T., 8/6/24, at 7-12, 42-44.

According to Shalonda Wilson, the mother of [S.T. and] K.T., and the aunt of Z.H., the pain and devastation this incident caused her family is experienced daily. She conveyed the fear that her son and her nephew, both surviving victims in this incident, are forced to live with. Latajah Minton, [S.T. and K.T.'s] sister, recalled receiving a phone call from her brother, K.T., immediately after the shooting[,] telling her that [S.T.] was shot. She recounted the trauma and sadness that she and the entire family experienced after her brother's death. C.W., [S.T.'s] cousin, heard the news of his cousin's death while at school the day after the shooting. He shared about getting a text while he was in between classes and breaking down crying in the school hallway[,] and the pain that his family endures every day following [S.T.'s death]. [*See id.*] at 23-37.

[The trial court] considered the fact that [Appellant] fired eight to nine times at unarmed and defenseless victims, who were all between fourteen and sixteen years old. [The court] was faced with multiple victims in this case, two of them [struck by gunfire] and one who[m] [Appellant] fortunately missed. Among other factors, [the court] balanced the age and rehabilitative needs of [Appellant], who was sixteen years old at the time of the incident and had no prior arrests, with an evening of devastation in which [Appellant] shot at the victims numerous times on a neighborhood street in the early evening. [Appellant] attacked the victims for seemingly no apparent reason and endangered countless neighbors' lives in the process. After weighing all the relevant factors, [the court] arrived at a well-reasoned and just sentence. Any less of a sentence would denigrate the seriousness of the offenses, the numerous people affected by these crimes, and the danger [Appellant] poses to the public. [*See id.*] at 42-44.

Trial Court Opinion, 9/17/24, at 5-6; *see also id.* at 4-5 (detailing the trial court's consideration of the sentencing guidelines for each of Appellant's offenses); Appellant's Brief at 9 (acknowledging "the sentences on all counts were within the guideline range….").

Our review of the record confirms the trial court was aware of and considered all relevant sentencing factors in fashioning Appellant's sentence. *See* N.T., 8/6/24, at 7-12 (trial court stating it considered, *inter alia*, the sentencing guidelines; the PSI;[3] Appellant's mental health evaluation; the mitigation and psychological reports Appellant submitted; Appellant's lack of a prior criminal record; and Appellant's family background, educational background, health, and drug use); *id.* at 42 (trial court stating it "ha[s] to consider all of those factors including [Appellant's] rehabilitative needs, the impact of the crime on [the victims and their families, and the] sentencing guidelines…."); *id.* at 43 (trial court stating, "the reality is that [Appellant] has accepted responsibility."). We discern no abuse of the trial court's sentencing discretion. Accordingly, Appellant's issue merits no relief.

Judgment of sentence affirmed.

---

[3] "Where the sentencing court had the benefit of a [PSI], we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Moury*, 992 A.2d at 171 (quotation marks omitted).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/26/2025