J-S06042-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| AKEYBA SANCHEZ | : | |
| Appellant | : | No. 526 WDA 2025 |

Appeal from the Judgment of Sentence Entered March 10, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0003798-2022

BEFORE: KUNSELMAN, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED: April 23, 2026**

Akeyba Sanchez ("Appellant") appeals from the judgment of sentence entered by the Court of Common Pleas of Allegheny County after he pleaded guilty to Third-Degree Murder,[1] Conspiracy,[2] Persons Not to Possess Firearms (F1),[3] and Firearms Not to be Carried Without a License (F3).[4] He challenges the discretionary aspects of his 25 to 50-year aggregate sentence comprising consecutively run sentences imposed on his convictions. We affirm.

On March 18, 2022, Appellant was arrested and charged with the above-referenced offenses for conspiring to commit murder with the use of a firearm

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2502(c).
[2] 18 Pa.C.S.A. § 903.
[3] 18 Pa.C.S.A. § 6105(a)(1).
[4] 18 Pa.C.S.A. § 6106(a)(1).

and then, while attempting to carry out the plan, shooting to death a bystander, Willis Brooks.

At Appellant's sentencing hearing of March 10, 2025, the lower court confirmed its review of the presentence investigation report and announced the guideline range sentences applicable to the charges to which Appellant pleaded guilty. N.T., 3/10/25, at 3-4. It then received statements from Appellant's mother and brother. Appellant's mother addressed the challenges facing her family, which has coped with drug addiction and drug-related violence, and she anticipated additional burdens with raising Appellant's minor child, who has a learning disability, without Appellant's assistance. N.T. at 4-5. She informed the lower court that her family continues to care for Appellant, who is an addict. She prayed that the victim's family and the court forgive her son for the "huge mistake" that he made. N.T. at 5-6. Appellant's older brother expressed his condolences to the victim's family and asked the court to consider that Appellant was raised in a single-parent household. He asked for leniency for his younger brother, who "made a mistake and it only takes two seconds to change your life." N.T. at 7.

Appellant, who was represented by counsel at the hearing, apologized to the victim's mother and other family in attendance. N.T. at 8. He expressed regret and said, *inter alia*, that the victim "was a good dude," "[i]t was just a bad day," "it wasn't supposed to be like that" and "I'm sorry." N.T. at 8. He acknowledged his family has buried his brother and a cousin, and he asked

for mercy. N.T. at 8. Finally, the victim's mother shared the hardships of losing her son. N.T. at 9-12.

Defense counsel requested a standard guideline range sentence on the count of third-degree murder with the remaining counts to be run concurrently. The Commonwealth opposed the request for concurrent sentences by arguing that both Appellant's conviction history comprising four episodes of violent crime—three of which involved his use of a firearm—and his role as the main actor and shooter in this conspiracy to commit murder supported running all sentences consecutively. N.T. at 12-13. The Commonwealth concluded by emphasizing that Appellant's actions took a significant toll on the community because it lost an innocent man who was serving its best interests in many ways, most recently by studying to become a constable. N.T. at 14.

The lower court made the applicable guideline ranges part of the record, confirmed that it reviewed the pre-sentence report, noted the statutory maximums, and considered "the various factors that are attached to the individualized sentencing program, that is, the Defendant's history[,] background and his ties to the community and persons on his behalf today. That would be his mother, Ms. Powell and his brother, Mr. Bey." N.T. at 16.

The lower court addressed the remainder of its sentencing considerations, as follows:

> **The Court:** The Court takes into account [Appellant's] personal history and experiences and changes that he's faced in the presentence report. The prosecutor also details his criminal

history and those factors as to rehabilitation potential. The Court also notes . . . the Co-Defendant's plea as to secondary and tertiary considerations because of the different circumstances of that plea. The Court has taken into account the statement made by [the victim's] mother, his role in the community and his livelihood, his protection to the public, which was of course a sentencing factor concerning Mr. Sanchez and the sentence that I impose. I believe an aggregate sentence is consistent as to what I believe is the protection of the community. The Court notes that his criminal history is extensive, [wherein the lower court summarizes a robbery of February 2014, and a second robbery of May 18, 2014, for which he had been sentenced to 11 to 23 months with 96 months' probation, a March 25th, 2016, shooting of a home where a 7-year old boy was asleep on the porch and two other persons were inside, and May 18, 2016, robbery and shooting of a man walking home from church.] The Court notes a continuing chain concerning crimes of violence.

There is little evidence of reform or rehabilitation present in his life or efforts. . . . The Court will also note that he was released from the confinement [on] his final sentence on April 2021. And a year later, in March 2022, this offense occurred, the killing of Mr. Willis Brooks. The following sentence is consistent with that.

He did plead guilty and there were statements on his behalf and his own statement and the statement made by Mr. Brooks' mother and statements by counsel.

N.T. at 16-18.

With that, the lower court imposed standard range sentences of 16 to 32 years' imprisonment for Third-Degree Murder and four to eight years' imprisonment for Conspiracy to Commit Murder, and it imposed a mitigated range sentence of five to ten years' imprisonment for Persons not to Possess.[5] It ran the sentences consecutively for an aggregate sentence of 25 to 50 years' imprisonment.

---

[5] The lower court imposed no further penalty on the charge of Firearms Carried without a License.

On March 17, 2025, Appellant filed a counseled post-sentence motion to modify his sentence because, he maintained, the lower court meted out "disproportionate punishment [when one considers] all relevant factors[,]" including his post-incarceration employment history, his responsibility for his minor children, one of whom lives with his mother (child's grandmother), his family support as demonstrated by his mother's and brother's statements at the sentencing hearing, and his own history of having witnessed significant gun violence as a child, specifically, witnessing his brother kill himself with a firearm. Post-Sentence Motion, 3/17/25, at 4. The motion also sought reconsideration of the aggregate sentence by asking the court to run the five to ten-year sentence for the Persons Not to Possess conviction concurrently with both the 16 to 32-year sentence for Third-Degree Murder and four to eight-year sentence for Criminal Conspiracy. *Id*.

On April 2, 2025, the lower court denied Appellant's post-sentence motion. Subsequently, the court granted defense counsel's motion to withdraw, and it appointed the Public Defender's Office to represent Appellant in litigating his direct appeal.

Appellant timely filed his counseled notice of appeal and, on July 2, 2025, the lower court ordered Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925. Specifically, Appellant's Rule 1925(b) statement asserted that the court abused its sentencing discretion by "failing to consider the mandatory sentencing factors of Mr. Sanchez's personal history, character, and rehabilitative needs, in violation of

42 Pa.C.S.A § 9721(b)" and by "considering only the nature of the crimes[,] . . . simply focus[ing] on the sum, substance, and nature of the offenses in violation of 42 Pa.C.S.A § 9721(b)." Appellant's Pa.R.A.P. 1925(b) Concise Statement.[6] On July 17, 2025, the lower court filed a responsive opinion pursuant to Pa.R.A.P. 1925(a).

Appellant's counseled brief presents the following question for this Court's review:

> "Whether the Trial Court abused its sentencing discretion in failing to apply all relevant sentencing criteria, including the protection of the public, the gravity of the offense, and Mr. Sanchez's personal history, characteristics, and rehabilitative needs in violation of 42 Pa.C.S.A. § 9721(b)?"

Brief of Appellant, at 5.

---

[6] Appellant's counseled Pa.R.A.P. 1925(a) Concise Statement provided, in relevant part:

> Mr. Sanchez, through Undersigned Counsel, now files his concise statement, raising the following issues for appeal:
>
> I.     In sentencing Mr. Sanchez to 25-50 years' incarceration, the Trial Court abused its sentencing discretion. The Trial Court failed to consider the mandatory sentencing factors of Mr. Sanchez's personal history, character, and rehabilitative needs, in violation of 42 Pa.C.S.A. § 9721(b).
>
> II.    In sentencing Mr. Sanchez to 25-50 years' incarceration, the Trial Court abused its sentencing discretion. The Trial Court considered only the nature of the crimes when it sentenced Mr. Sanchez. It simply focused on the sum, substance, and nature of the offenses in violation of 42 Pa.C.S.A § 9721(b).

Counseled Pa.R.A.P. 1925(a) Concise Statement of Matters Complained of on Appeal, 7/1/25, at 3-4.

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006).

Additionally, in crafting a sentence, courts are directed to consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). "When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant." *Commonwealth v. Griffin*, 804 A.2d 1, 10 (Pa. Super. 2002). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." *Id*. Where the sentencing court had the benefit of a presentence investigation report ("PSI"), we can assume the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988).

Initially, we observe that Appellant dedicates much of his argument to assailing the trial court's decision to run his one mitigated range sentence and two standard range sentences consecutively rather than concurrently, and he maintains that by doing so, the sentence reflects both the court's failure to

consider mandatory sentencing factors regarding his personal history, character, and rehabilitative needs and its undue emphasis on the nature of his crimes. Nowhere in the concise statement, however, does Appellant state specifically that the trial court abused its discretion when it decided to impose consecutive sentences.

"It is well-established that any issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review." *Commonwealth v. Bonnett*, 239 A.3d 1096, 1106 (Pa. Super. 2020). As we have observed, Rule 1925(b)

> is very clear and very strict. "The Statement *shall* concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge." Pa.R.A.P. 1925(b)(4)(ii) (emphasis added). "Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." *Id.* (b)(4)(vii). This is because, the "absence of a trial court opinion poses a substantial impediment to meaningful and effective appellate review." *Commonwealth v. Lord*, 719 A.2d 306, 308 (Pa. 1998). "Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. Rule 1925 is thus a crucial component of the appellate process." *Id.*

*Commonwealth v. Smith*, 304 A.3d 35, 39 (Pa. Super. 2023) (some citations modified; emphasis in original).

Nevertheless, we decline to find waiver where we understand Appellant's issue as implicitly assailing a sentencing scheme of consecutively-run sentences resulting in an aggregate sentence of 25-50 years when, in his opinion, a fair assessment of his personal history, character, and rehabilitative

needs would lead a court to forgo consecutive sentences. Therefore, we proceed to address the discretionary aspects of his sentence.

There is no automatic right of appeal from the discretionary aspects of a sentence. ***Commonwealth v. Mastromarino***, 2 A.3d 581, 585 (Pa. Super. 2010). An appellant challenging the discretionary aspects of a sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Commonwealth v. Glawinski***, 310 A.3d 321, 325 (Pa. Super. 2024) (citation omitted) (citing ***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (some citations omitted).

Here, Appellant filed a timely notice of appeal, preserved the issue in his motion to modify sentence, and included the required Pa.R.A.P. 2119(f) statement in his brief. ***See*** Appellant's Brief at 12-16. Therefore, we consider whether there is a substantial question that his aggregate sentence is inappropriate under the circumstances of this case.

> In determining whether a substantial question exists, this Court does not examine the merits of whether the sentence is actually excessive. Rather, we look to whether the appellant has forwarded a plausible argument that the sentence, when it is within the guideline ranges, is clearly unreasonable. Concomitantly, the substantial question determination does not

require the court to decide the merits of whether the sentence is clearly unreasonable.

***Commonwealth v. Dodge***, 77 A.3d 1263, 1270 (Pa. Super. 2013). ***Accord Commonwealth v. McLendon***, 293 A.3d 658, 670 (Pa. Super. 2023) ("A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.")

It is generally accepted that a challenge to an imposition of a consecutive sentence rather than concurrent sentence does not present a substantial question. ***Commonwealth v. Moury***, 992 A.2d 162 (Pa. Super. 2010)). Indeed, the "imposition of consecutive, rather than concurrent, sentences may raise a substantial question in ***only the most extreme circumstances***, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." ***Moury***, 992 A.2d at 171-71 (emphasis added); ***see also Commonwealth v. Radecki***, 180 A.3d 441, 468 (Pa. Super. 2018) ("We consistently have recognized that excessiveness claims premised on imposition of consecutive sentences do not raise a substantial question for our review."); ***id.*** at 469 ("an allegation that a sentencing judge failed to consider or did not adequately consider certain mitigating factors generally does not raise a substantial question." (brackets and quotation marks omitted)).

Here, Appellant's discretionary aspects claim challenges not the individual sentences he received for third-degree murder, conspiracy to

- 10 -

commit murder, and persons not to possess a firearm, respectively, but only the trial court's discretion to run the sentences consecutively to each other. Nor does he argue that the aggregate sentence is unreasonable in and of itself for the crimes to which he pleaded guilty. *Compare Dodge* (substantial question made where aggregate sentence of forty years, seven months to eighty-one years and two months' incarceration for 45 non-violent, property offenses and one count each of possession of marijuana and possession of drug paraphernalia). In this regard, therefore, he does not advance the argument that the sentence is unreasonable based on the criminal conduct involved.

Instead, Appellant asserts that the lower failed to consider mandatory sentencing criteria, such as his prior criminal record, his age, personal characteristics and his potential for rehabilitation, such that the aggregate sentence does not comport with the protection of the public, his rehabilitative needs, and other personal characteristics. Even if we were to conclude Appellant thus raises a substantial question, the record of Appellant's sentencing hearing, set forth *supra*, belies this claim.

The hearing established that the lower court had reviewed the PSI Report, such that we presume 'the court was aware of and weighed all relevant information contained [in the report] along with any mitigating sentencing factors." *Commonwealth v. Velez*, 273 A.3d 6, 10 (Pa. Super. 2022) (internal quotation marks omitted). Furthermore, as reproduced above, the lower court demonstrated during the hearing that it was aware of Appellant's

- 11 -

personal characteristics and history, and it considered the in-court family statements presented by Appellant's Mother and his older brother, both of whom informed the court of hardships in Appellant's family life and asked for the court's mercy in setting sentence. At sentencing, the lower court announced that it received the pre-sentence report and considered the various factors that are attached to the individualized sentencing program.

As such, we discern no abuse of discretion, as Appellant has not established that the sentencing court failed to consider mandatory sentencing factors pertaining to Appellant's rehabilitative needs and "arrived at a manifestly unreasonable decision." *Shugars*, 895 A.2d at 1275. Accordingly, we deem Appellant's claims meritless and affirm judgment of sentence.

Judgment of sentence is Affirmed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


DATE: 4/23/2026